## ESTELLE SHORTZ, RESPONDENT, v. JOSEPH SLOBODIEN, APPELLANT.

Submitted October 31, 1930—Decided May 18, 1931.

For the respondent, *Alfred D. Antonio*.

For the appellant, *George J. Miller*.

The opinion of the court was delivered by

WELLS, J. This action was brought by the plaintiff to recover compensation for personal injuries received by her as a result of a fall from a landing at the top of a stairway leading to her apartment on the second floor of an apartment house, caused by the collapse of a guard rail surrounding said landing. It is not denied that the stairway and landing were used by plaintiff in common with other tenants of defendant and that defendant retained control over them and that it was

the duty of defendant to use due care to maintain them in a reasonably safe condition after he had notice or knowledge.

The plaintiff went out upon the landing in the rear of her apartment to call her son who was in the yard below, and leaned over the rail, with her hands thereon, when the rail broke causing her to fall to the ground below.

The trial resulted in a verdict in favor of the plaintiff and it is from the judgment entered in the Supreme Court upon this verdict that defendant appeals.

The grounds of the appeal are that the trial court ought to have directed a nonsuit or a verdict for the defendant, because there was no proof of knowledge on the part of the latter of the defective condition of the guard rail, and that, therefore, there was no proof of negligence or liability, and further that there were errors in the charge of the court to the jury.

It is true that there was no proof of actual knowledge on the part of the defendant of the unsafe condition of the guard rail, but the plaintiff proved that the railing which gave way was rotten. Photographs of the stairway and landing and the rail itself were introduced in evidence and while the rail is not produced in this court, yet the jury saw and examined it and the witnesses described it as being rotten, and this being so, it seems to us that the defendant was chargeable with notice, under the doctrine laid down in the case of *Stark* v. *The Great Atlantic and Pacific Tea Co.*, 102 *N. J. L.* 694. In that case plaintiff tripped over a splinter in a rotten board in the floor of defendant's store. There was no proof of actual notice nor of the existence of the defect for any length of time. The trial court directed a verdict for defendant. This court reversed the judgment and in the opinion, the court cited cases to the effect that plaintiff must show that the defect had either been brought to the previous notice of defendant, or failing in proof of such actual notice that the defect had existed for such a space of time before the occurrence as to afford the defendant a sufficient opportunity, in the exercise of reasonable care upon defendant's part to make proper inspection and repairs; **Mr. Justice**

Campbell, speaking for the court, after citing other cases to the effect that mere proof of a defective condition of the premises at the time of the happening is not sufficient to satisfy the requirements and make the question of knowledge and notice one for the jury to determine, goes on to say:

"But it is equally certain that there are conditions of disrepair and deterioration causing injury which, from their very nature and character, cannot come into existence coincident with the happening, but must, by more or less slow and gradual processes covering appreciable periods of time, have grown from a condition of reasonable safety to one not safe as measured by the rule of reasonable care. Such cases would present a question for jury determination as to whether or not the condition had existed for such period of time as to give to the party chargeable with the care and maintenance reasonable time and opportunity to inspect and repair, if necessary."

The rotting of the rail in this case was such a defect, and, with the testimony offered as to rusty nail holes in the guard rail and with the photographs of the stairway and landing offered in evidence and the rail itself as an exhibit, there was evidence from which the jury could charge the defendant with negligence.

To be sure the defendant offered proof that he had no actual knowledge as to the condition of the rail and that he or his agents made frequent inspections which did not disclose the defect because of its hidden or latent nature.

This presented a disputed question of fact which the trial court properly left to the jury to decide.

The appellant claims that the court erred in its charge to the jury. The crux of appellant's complaint is that the court instructed the jury in certain parts of its charge as to the law in the case and that there were no facts to which the law charged was applicable and that this was harmful to appellant.

It would serve no useful purpose to recite the portions of the court's charge to which appellant takes exception. We have carefully examined them and when taken in conjunction

with the charge as a whole, we fail to find any harmful error therein.

We are of the opinion that the judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   12.

*For reversal*—PARKER, CASE, JJ.   2.